**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:25-CR-76-JMC** |
| | ) | |
| **CORTNEY MERRITTS,** | ) | |
|     **Defendant.** | ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO PROHIBIT THE GOVERNMENT FROM ATTRIBUTING THE ACT OF PRODUCTION OF CORPORATE RECORDS TO MERRITTS**

Defendant Cortney Merritts ("Merritts"), by and through his undersigned counsel, Justin K. Gelfand and the law firm Margulis, Gelfand, DiRuzzo & Lambson, respectfully moves this Court to prohibit the Government from attributing the act of production of corporate records to Merritts.

### I.        Relevant Background

Merritts is charged in an indictment and has entered a plea of not guilty to all counts.

Prior to returning the indictment in this case, the grand jury served various subpoenas on corporate entities including Vetted Couriers and Logistics. In response to the subpoenas, Vetted Courtiers and Logistics produced various documents, some of which the Government intends to introduce at trial.

### II.        *Braswell* Requires This Court to Grant This Motion

The Fifth Amendment provides, "No person…shall be compelled in any criminal case to be a witness against himself[.]"  U.S. Const., Amend. V.

In *Braswell v. United States*, 487 U.S. 99 (1988), the United States Supreme Court reiterated that the Fifth Amendment does not apply to corporations. *Id*. at 102.  Thus, a corporate

records custodian may not resist a subpoena for corporate records on Fifth Amendment grounds. *Id*. at 109.

Significantly, though, the Court also held: "Because the custodian acts as a representative, the act is deemed one of the corporation and not the individual. Therefore, the Government concedes, as it must, that it may make no evidentiary use of the 'individual act' against the individual." *Id*. at 117-18 (emphasis added).

Thus, as a matter of law, Merritts hereby objects to the attribution of any such records to him. Instead, the Government must limit any such testimony to state that such records were provided in response to a corporate subpoena served on the entity. The Government may not—at any stage in the trial—attribute the records to Merritts as opposed to the entity and the Government may not attribute the act of production to Merritts as opposed to the entity.

Given the constitutional nature of *Braswell* and its progeny, a *Braswell* violation at trial is no small matter—and the prosecution would have to establish the error was harmless beyond a reasonable doubt. *See United States v. Barton*, 731 F.2d 669, 675 (10th Cir. 1984) (citing *Chapman v. California*, 386 U.S. 18 (1967)) ("Although a violation of a criminal defendant's constitutional rights is not per se reversible error, the prosecution must demonstrate that the error was harmless beyond a reasonable doubt"). The prosecution would have to demonstrate "that the error did not contribute in any way to the conviction of the defendant." *Eberhardt v. Bordenkircher*, 605 F.2d 275, 278 (6th Cir. 1979) (emphasis added).

Ultimately, Merritts is flagging this issue for the Court *in limine* so as to protect his Fifth Amendment rights and to preemptively avoid a violation of his rights at trial.

2

### III.    Conclusion

Based on the foregoing, Merritts respectfully moves this Court to prohibit the Government from attributing the act of production of corporate records to Merritts. Any such records produced by Vetted Couriers and Logistics should be attributed to the entity.

Respectfully submitted,

**Margulis Gelfand DiRuzzo & Lambson, LLC**

*/s/ Justin K. Gelfand*
JUSTIN K. GELFAND (D.C. Bar 90023996)
GREGORY P. BAILEY (D.C. Bar 1781925)
1325 G St., NW, Suite 500
Washington, DC 20005
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
greg@margulisgelfand.com

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed electronically with the Clerk of Court and that

all counsel of record received notice.

_/s/ Justin K. Gelfand_
JUSTIN K. GELFAND (D.C. Bar 90023996)
GREGORY P. BAILEY (D.C. Bar 1781925)
1325 G St., NW, Suite 500
Washington, DC 20005
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
greg@margulisgelfand.com
