**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-CR-76-JMC |
| | ) | |
| CORTNEY MERRITTS, | ) | |
|     Defendant. | ) | |

## DEFENDANT'S MOTION *IN LIMINE* TO PROHIBIT THE GOVERNMENT FROM INTRODUCING EXPERT TESTIMONY AT TRIAL

Defendant Cortney Merritts ("Merritts"), by and through his undersigned counsel, Justin K. Gelfand and the law firm Margulis, Gelfand, DiRuzzo & Lambson, respectfully moves this Court to enter an order prohibiting the Government from presenting expert testimony at trial.

### I.      Background

On March 20, 2025, Merritts was charged in an indictment with two counts of wire fraud, in violation of 18 U.S.C. § 1343.[1] (Doc. 1). The indictment also contains a forfeiture allegation. Merritts has pled not guilty to each count and has denied the forfeiture allegation.

On April 14, 2025, Merritts formally requested discovery including all disclosures required under Federal Rule of Criminal Procedure 16(a)(1)(G): "any and all evidence of any nature whatsoever and the names of any witnesses, including a written summary of any testimony the Government intends to use in its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705, which summary shall describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)."

On June 26, 2025, the Court issued a Pretrial Order setting forth deadlines in advance of the January 12, 2026 trial date of this case. (Doc. 11). The deadline for the Government to provide

---

[1] The defense maintains its position set out in its pending motions to dismiss the indictment. However, this motion is being filed due to this Court's deadline.

expert disclosures, if any, was September 19, 2025. (*Id.*). No expert disclosures have been made by the Government to date. Merritts is filing this motion out of an abundance of caution, because some of the proposed exhibits provided by the Government to Merritts, as required under the Court's Pretrial Order, appear to present the need for expert opinion testimony and/or incorporate expert opinions.

**II.      This Government Has Not Made Timely Disclosure of Any Expert Materials**

This Court's Order set a hard deadline for disclosure of expert materials as governed by Federal Rule of Criminal Procedure 16(a)(1)(G)—September 19, 2025. (Doc. 11). Under that rule, "[a]t the defendant's request, the government must disclose to the defendant, in writing" the following information "for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief":

- a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);
- the bases and reasons for them;
- the witness's qualifications, including a list of all publications authored in the previous 10 years; and
- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

*See* Fed. R. Crim. P. 16(a)(1)(G)(iii).

Under the new iteration of the rule, this Court "must"—as it has—"set a time for the government to make its disclosures" and the deadline "must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii). Furthermore, each expert witness "must approve and sign the disclosure." Fed. R. Crim. P. 16(a)(1)(G)(v).

The Advisory Committee Note to the 1993 amendment states that the required production under Rule 16 is intended to be comprehensive and "should cover not only written and oral reports,

2

tests, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." *See United States v. Cerna,* 2010 WL 2347406 *1 (N.D. Cal. 2010) (unpublished) ("[T]he bases and reasons must be sufficient to allow counsel to frame a *Daubert* motion (or other motion in limine), to prepare for cross-examination, and to allow a possible counter-expert to meet the purport of the case-in-chief testimony").

The scope of the expert notice is significant. Federal courts have been clear that conclusory letters or reports are insufficient. *See, e.g. United States v. Caputo*, 382 F. Supp. 2d 1045 (N.D. Ill. 2005) ("It is exceedingly difficult to cross-examine a scientific expert witness about the results of a scientific test without an opportunity to first review the test giving rise to the results"); *United States v. Robinson*, 44 F. Supp. 2d 1345, 1346 (N.D. Ga. 1997) ("If a defendant does not have the bases for the government's opinion, there is no way the defendant's counsel can effectively cross-examine the expert. It is this issue, which goes to the fairness of the trial, that the court must always keep in mind in dealing with discovery issues in a criminal case"); *United States v. Wilkerson*, 189 F.R.D. 14, 16 (D. Mass. 1999) ("[M]ore is required than a statement to the effect that such and such examiner will testify" about the test results).

Critically, where—as here—the Government does not timely disclose expert materials, this Court may prevent the expert from testifying. Fed. R. Crim. P. 16(d)(2). Indeed, the Government's disclosure to a defendant of its intended use of expert witness testimony is of the utmost importance. The United States District Court for the Northern District of Georgia explained why exclusion of the Government's proposed expert witness when the Government fails to comply with the mandates of Federal Rule of Criminal Procedure 16(a)(1)(G) is the appropriate remedy. *United States v. Robinson*, 44 F. Supp. 2d 1345, 1347-48 (N.D. Ga. 1997). The Court reasoned:

A defendant […] is never required to introduce any evidence and, therefore, the defendant has a right to predicate a trial strategy solely on an attack of the opinion evidence offered by the government. If a defendant does not have the bases for the government's opinion, there is no way the defendant's counsel can effectively cross-examine the expert. It is this issue, which goes to the fairness of the trial, that the court must always keep in mind in dealing with discovery issues in criminal cases.

There are also concerns of judicial economy and the legitimate expectation of the public and of the defendant in the speedy disposition of criminal cases. In this case the relevant portions of Rule 16 tell the Assistant United States Attorney what he must do. He was ordered by the United States Magistrate Judge to comply with his Rule 16 obligations generally and this one in particular. […]

As best this court can determine, the failures of the government in this case to comply with its Rule 16 obligations were begun in lethargy and a lackadaisical acknowledgment of the mandates of Rule 16 and ended with inattention to the order of the court, a stubborn refusal to understand the requirements of Rule 16, and a somnolent review of the materials being produced.

To be sure, the court could have granted yet another continuance for the government to get it right. The court might have even invited the expert witness  to chambers and assisted that expert in dictating a proper report to the judge's secretary. This matter, however, ought to be at an end. Failing to impose a sanction on this record would be to establish a precedent countenancing a disregard of discovery obligations which will assure either a snail like progression of the 800 felony cases filed in this court annually or a succession of trials in which the United States Department of Justice is allowed to flaunt the law it exists to support and defend.

*Id.*

Similarly, the D.C. Circuit has affirmed a district court's exclusion of an expert witness based on a party's failure to comply with its pretrial disclosure obligations. See United States v. Day, 524 F.3d 1361, 1372 (D.C. Cir. 2008). In Day, the D.C. Circuit stated that "[t]rial courts have the discretion to weigh various options in deciding how to address a party's violation of a discovery rule" and "exclusion of evidence and testimony can be a proper sanction." Id. Further, the D.C. Circuit has "rejected the suggestion that Taylor, [484 U.S. 400 (1988)], requires a trial court to conduct some sort of least restrictive alternative analysis before excluding evidence as a sanction.

4

Id. (internal quotations omitted).

### III.    Conclusion

Based on the foregoing, Merritts respectfully requests that this Court grant this motion, entering an Order preventing the Government from presenting expert opinion testimony of any nature at trial.

Respectfully submitted,

**Margulis Gelfand DiRuzzo & Lambson, LLC**

 */s/ Justin K. Gelfand*
JUSTIN K. GELFAND (D.C. Bar 90023996)
GREGORY P. BAILEY (D.C. Bar 1781925)
1325 G St., NW, Suite 500
Washington, DC 20005
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
greg@margulisgelfand.com

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney and all other counsel in this case.

/s/ Justin K. Gelfand
JUSTIN K. GELFAND (D.C. Bar 90023996)
GREGORY P. BAILEY (D.C. Bar 1781925)
1325 G St., NW, Suite 500
Washington, DC 20005
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
greg@margulisgelfand.com

6