**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 25-cr-00076-JMC** |
| | **:** | |
| **CORTNEY MERRITTS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE***
**TO PROHIBIT THE GOVERNMENT**
**FROM INTRODUCING EXPERT TESTIMONY AT TRIAL**

The United States of America respectfully opposes Defendant Cortney Merritts's (the "Defendant") Motion *in Limine* to Prohibit the Government from Introducing Expert Testimony at Trial (ECF No. 22). As explained below, the exhibits at issue constitute summary charts that meets all the requirements for admission under Federal Rule of Evidence 1006 ("Rule 1006"), and they may be introduced by the witness who prepared them. The charts do not "present the need for expert testimony and/or incorporate expert opinions," ECF No. 22 at 2. Accordingly, the Defendant's Motion should be denied.

I.      Relevant Procedural Background

On November 7, 2025, the Defendant filed a Motion in Limine to Prohibit the Government from Introducing Expert Testimony at Trial. In his motion, the Defendant requests the Court to exclude testimony about "some of the proposed exhibits" on the basis that they "appear to present the need for expert opinion testimony and/or incorporate expert opinions." ECF 22 at 2.

The same day, but prior to considering or responding to the Defendant's motion, the United States filed a Motion in Limine to Admit Certain Evidence that included four exhibits summarizing voluminous records, as authorized by Rule 1006. ECF No. 23.

II.    The Defendant's Motion Should be Denied because the Proposed Exhibits Are Admissible Pursuant to Rule 1006 and No Expert Testimony will be Required or Elicited.

Although the Defendant did not indicate the testimony he seeks to preclude or the exhibits to which he objects, given the nature of his motion and his prior objections to exhibits communicated to the Government, it appears that he is objecting to testimony about two exhibits that summarize voluminous records. Specifically, the Defendant appears to be objecting to Government Exhibits 38 and 40 (attached hereto as Exhibits A and B, respectively), which are two spreadsheets breaking down the Defendant's expenses by category for 2019, 2020, and 2021, for example, by "cash withdrawals," "food/restaurants," "hotels," and "moving supplies."[1]

For the reasons already addressed in the United States' motion (ECF No. 23), the proposed summary exhibits, and testimony about them, are admissible pursuant to Rule 1006. Further, as is also asserted therein, the United States is aware that the witness who prepared the exhibits and who will testify about them (a forensic accountant employed by the FBI) may not offer inferences that should be drawn from the summaries, and the United States will instruct that witness not to provide any improper opinion or inferential testimony in relation to those exhibits, thus assuaging the Defendant's concerns. ECF No. 23 at 6.

---

[1] The Government provided three additional summary exhibits to the Defendant. To date, the Defendant has not raised any objections to those exhibits and thus the United States does not understand them to be encompassed by the Defendant's motion. They are:

- **Government Exhibit 36**: A table showing the Defendant's NFCU banking activity for 2019, including, among other things, starting balance, money in, money out, ending balance, and average balance.

- **Government Exhibit 37**: A table showing the Defendant's NFCU banking activity for 2020, including, among other things, starting balance, money in, money out, ending balance, and average balance.

- **Government Exhibit 39**: A chart showing the Defendant's NFCU account's daily balance from January 1, 2019, through July 11, 2022, and identifying the balances on the dates that the Defendant submitted loan applications and received loan proceeds.

2

Contrary to the Defendant's assertion, there was no need for the United States to provide expert notice in respect to the exhibits that appear to be at issue. As the case law cited in the United States' motion makes clear, such exhibits are regularly admitted into evidence without expert testimony. For example, as may be particularly pertinent here, in *United States v. Abou-Khatwa*, 40 F.4th 666, 685 (D.C. Cir. 2022), the D.C. Circuit found that a forensic accountant who was not qualified as an expert did not exceed the scope of proper summary witness testimony in an insurance broker's health care fraud prosecution when she categorized client employees based solely on the broker's own invoices to its clients. The Court further found that "[c]ross-referencing invoices to identify the differences between them simply requires lining up and comparing information already provided in the invoices themselves" and was not a prohibited inference. *Id.* Further, in *United States v. Hemphill*, 514 F.3d 1350, 1358 (D.C. Cir. 2008), the D.C. Circuit concluded that it was not error for the district court to allow a government auditor who was not qualified as an expert to testify about charts he prepared based on documents he reviewed even though he used his accounting skills to prepare the charts and performed calculations in preparing the charts.

As the Defendant has not specifically identified the nature of the testimony to which he objects, the United States reserves the right to submit supplemental briefing, should it be required, after a hearing on this matter.

**CONCLUSION**

For the reasons stated in the United States' prior motion and above, the United States requests the Court authorize the United States to admit the summary charts through the forensic accountant who prepared them pursuant to Rule 1006 and deny the Defendant's motion to preclude testimony about the summary charts.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:  _____/s/ *Emily A. Miller*_____
EMILY A. MILLER (D.C. Bar No. 462077)
Assistant United States Attorney
United States Attorney's Office
District of Columbia
601 D Street NW
Washington, DC 20530
Office: (202) 252-6988

4