**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 25-cr-00076-JMC** |
| | **:** | |
| **CORTNEY MERRITTS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**<u>JOINT PRETRIAL STATEMENT</u>**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant Cortney Merritts, by and through his attorneys Justin Gelfand and Joseph DiRuzzo, respectfully submit their Joint Pretrial Statement in accordance with the Court's Pretrial Scheduling Order (ECF No. 11):

**I.      Plea Offers**

On June 6, 2024, during a reverse proffer the government extended the following pre-indictment plea offer to Merritts: to plead guilty to one count of Bank Fraud, in violation of 18 U.S.C. § 1344.  That plea offer was declined on June 11, 2024.  On June 16, 2025, the government extended the following post-indictment plea offer to Merritts: to plead guilty to one count of Wire Fraud, in violation of 18 U.S.C. § 1343.  That plea offer was declined on June 26, 2025.

Both of the plea offers were immediately communicated to Mr. Merritts, who had the opportunity to consult with his legal counsel.  The pre-indictment plea offer was also initially communicated to Mr. Merritts's defense counsel in Mr. Merritts's presence and was subsequently conveyed to Mr. Merritts immediately thereafter during confidential and privileged communications.  With respect to each of the plea offers, both of which Mr. Merritts rejected, defense counsel explained the possible sentencing implications including, but not limited to, the

statutory range(s) of punishment and the advisory Guidelines range(s) pursuant to the U.S. Sentencing Guidelines.    In those discussions, defense counsel also explained sentencing procedures and the statutory considerations under 18 U.S.C. § 3553(a) in the event of a conviction. Finally, it should be noted that these discussions between Mr. Merritts and defense counsel did not include Mr. DiRuzzo but included Justin Gelfand and Gregory Bailey, both of whom are former federal prosecutors previously employed by the U.S. Department of Justice's Tax Division (Southern Criminal Section) and both of whom have extensive experience in criminal defense matters.

II.    **Proposed Statement of the Case**

This is a criminal case entitled *United States v. Cortney Merritts*.  Mr. Merritts has been charged by indictment with two counts of wire fraud.[1]  It is alleged that, on or about July 8, 2020, Mr. Merritts prepared and submitted and caused to be submitted a fraudulent application for a COVID-19 pandemic-related loan through the Economic Injury Disaster Loan Program for a moving business he allegedly owned under the name "Cortney Merritts."  It is also alleged that on or about April 22, 2021, Mr. Merritts prepared and submitted and caused to be submitted a fraudulent application for a COVID-19 pandemic-related loan through the Paycheck Protection Program for a moving business he allegedly owned under the name "Cortney Merritts." Specifically, the prosecution alleges that Mr. Merritts voluntarily and intentionally devised a scheme to defraud these government programs through the use of interstate wires and acted with

---

[1] Mr. Merritts maintains his position set out in his motion to dismiss for failure to charge an offense.  However, Mr. Merritts does not seek to further litigate that issue in this pleading but is raising it to avoid any argument of waiver in the event his motion is denied.

the specific intent to defraud.[2]    Mr. Merritts has pleaded not guilty to both counts and the prosecution bears the burden of proving, if it can,[3] the charges in the indictment.

III.    **Proposed Voir Dire Questions:**  The government's proposed voir dire questions are located at Attachment No. 1.  The defendant's proposed voir dire questions, including the government's objections, are located at Attachment No. 2.

IV.    **List of Proposed Jury Instructions:**  *See* Attachment No. 3.  The parties respectfully reserve the right to supplement or amend the jury instructions depending upon the trial evidence.

V.    **List of Expert Witnesses:**  None.

VI.    **List of Prior Convictions that the Government Intends to Use for Impeachment or Any Other Purpose:**  None.

VII.    **List of Exhibits:**  The government's exhibit list, including the defendant's objections and the government's responses, is located at Attachment No. 4.  The defendant's exhibit list, including the government objections, is located at Attachment No. 5.  The parties respectfully reserve the right to supplement or modify their exhibit lists and objections as they continue preparing for trial.  The government also notes that its exhibit list does not currently list all materials that may be used for potential

---

[2] The government objects to the highlighted proposed language from the defendant.  The point of the neutral statement of the case is to inform prospective jurors of the basic facts and nature of the charges to determine if they (1) know anything about the case, or (2) have any preconceived notions or biases that could prevent them from rendering a fair and impartial verdict.  Listing the elements of the substantive offenses does nothing to further those goals.

Moreover, the proposed language does not include every element, or even accurately track the jury instructions that will be given during the trial, and is therefore likely to cause confusion.

[3] The government objects to the highlighted proposed language from the defendant.  "If it can" adds nothing to the defendant's apparent desire for the neutral statement of the case to inform the prospective jurors that the government bears the burden of proof in this case.

impeachment or refreshing witnesses' recollections. Nor does it list any of the documents included on the defendant's exhibit list that the government may seek to introduce in its case-in-chief. The government will make those additions as necessary as it continues to modify its exhibit list while preparing for trial.

**VIII.** **Any Stipulations of the Parties:** None currently.

**IX.** **Proposed Verdict Form:** *See* Attachment No. 6.

**X.** **List of Proposed Witnesses:** *See* Attachment No. 7 (Government's Witness List); Attachment No. 8 (Defendant's Witness List). The parties respectfully reserve the right to supplement or modify their witness lists as they continue preparing for trial. The parties will exchange *Jencks* materials by January 5, 2026, and will continue to timely provide any additional *Jencks* materials that are created during trial preparation.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    */s/ Brian P. Kelly*
BRIAN P. KELLY (D.C. Bar No. 983689)
EMILY A. MILLER (D.C. Bar No. 462077)
Assistant United States Attorneys
United States Attorney's Office
District of Columbia
601 D Street NW
Washington, DC 20530
Office (Kelly): (202) 252-7503
Office (Miller): (202) 252-6988

FOR DEFENDANT CORTNEY MERRITTS

**Margulis Gelfand DiRuzzo & Lambson**

*/s/ Justin K. Gelfand*
Justin K. Gelfand
7700 Bonhomme Avenue, Suite 750
St. Louis (Clayton), MO 63105

4

(314) 390-0230