**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 25-cr-00076-JMC** |
| | **:** | |
| **CORTNEY MERRITTS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**ATTACHMENT 1 TO JOINT PRETRIAL STATEMENT
GOVERNMENT'S PROPOSED VOIR DIRE**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully proposes the following voir dire for the Court to use at

trial.

1

I will briefly tell you what this case is about:

**[Insert parties' joint statement of the case]**

1.  Before today, had you read or heard anything, either by word of mouth, in the news media, on social media, or otherwise, about this case?

2.  Would the nature of this case or the charges make it difficult for you to render a fair and impartial verdict in this case?

3.  I am Judge Jia Cobb. My courtroom deputy is Erica Duncan. The Court Reporter is Stacy Johns. My law clerk is Jackson Beard. Do you know or recognize me or any member of the court staff?

4.  The attorneys representing the United States in this case are Assistant United States Attorneys Emily Miller and Brian Kelly. Also sitting with the government are FBI Special Agent Asia Major-Waithe and paralegal Angela De Falco. Do you know or recognize any of those people?

5.  The defendant in this case is Cortney Merritts. Mr. Merritts is being represented by attorneys Justin Gelfand and Joseph DiRuzzo of the law firm Margulis, Gelfand, DiRuzzo & Lambson.  Do you know or recognize Mr. Merritts, his attorneys, or the name of the law firm?

6.  I will now ask both the government and Mr. Merritts's attorneys to identify the names of people or entities that you may hear from or about during this trial. [**Government to identify names; Defense to identify names**]. Do you know or recognize the names of any of the people or entities that you just heard?

7.  Have you ever served as a grand juror or a juror in any kind of trial?

8.  Have you, any of your family members, or any of your close friends ever had any legal training, studied law, worked as a lawyer, or worked in a law office?

9.  Have you, any of your family members, or any of your close friends ever worked at a courthouse or for a court system, including D.C. Superior Court, or the U.S. District Court, including the Pretrial Services Agency, CSOSA, or U.S. Probation?

10. Have you, any of your family members, or any of your close friends ever worked for or with an office that handles prosecution or with law enforcement, or do you or any of those people have a pending application for employment with such an office?  By "prosecution," I mean government agencies such as the United States Attorney's Office, a district attorney's office, or an attorney general's office.  By "law enforcement," I mean government agencies like state and local police departments; the Metropolitan Police Department; the Federal Bureau of Investigation; the Department of Justice; the U.S. Marshal's Service; the Bureau of Alcohol, Tobacco, Firearms, and Explosives; the Internal Revenue Service; the U.S. Secret Service; the CIA; and the Department of Homeland Security.

11. Have you, any of your family members, or any of your close friends ever served as a defense attorney, defense investigator, worked at a criminal defense office or firm, or served in some other capacity involving providing services to people charged with crimes?

12. Have you, any of your family members, or any of your close friends ever been an employee of the United States Small Business Administration?

13. Have you, any of your family members, or any of your close friends ever been the victim of, witness to, or charged with or accused of, whether convicted or not, a criminal offense?

14. I will be instructing the jury at the end of the trial that the testimony of a law enforcement officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because the witness is a law enforcement officer. Do you have such strong feelings about law enforcement, either positive or negative, that you would have difficulty following that instruction?

15. Do you have any beliefs or opinions about the United States Attorney's Office, the United States Department of Justice, criminal defense attorneys, the Federal Bureau of Investigation, or law enforcement in particular, either positive or negative, that would make it difficult for you to remain fair and impartial to both the government and the defendant throughout the trial in this case?

16. The government has the burden of proof in this matter. The defendant is not required to present evidence or testify. Do you think that you might hold it against the defendant, or infer that he is guilty, if he does not present evidence or testify?

17. If selected as a juror, would you have difficulty accepting and applying the rule of law that the defendant is presumed innocent unless the government proves guilt beyond a reasonable doubt?

18. There has been an indictment in this case. An indictment is not evidence of a crime. It merely initiates a case and is a formal way of presenting the charge. The indictment here informs Mr. Merritts, the Court, and the members of the jury of the charges against the defendant. Would the fact that an indictment charged Mr. Merritts with crimes, in and of itself, lead you to believe that he is guilty or make it difficult for you to apply the presumption of innocence?

19. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without regard whatsoever for what the potential punishment may or may not be. Would you have any difficulty at all following this principle?

20. If you are a juror in this case you must refrain from reading or listening to any news about this case, and from doing any internet research about this case or any of the parties involved, including myself and the lawyers, Mr. Merritts, and any witnesses because, as I

said earlier, your verdict must be based only on what you hear and see in this courtroom. Do you have any concern that you would not be able to follow this instruction?

21. Are you familiar with the Paycheck Protection Program or Economic Injury Disaster Loan Program passed as part of the CARES Act?

22. Have you, any of your family members, or any of your close friends ever applied, successfully or unsuccessfully, for COVID-19 pandemic-related loans, either through the Paycheck Protection Program or the Economic Injury Disaster Loan Program?

23. Do you have such strong feelings about the COVID-19 pandemic relief programs and their implementation that it would be difficult for you to be fair and impartial in this case?

24. Do you think crimes involving the alleged loss of government money are less serious than crimes involving alleged private victims or companies?

25. Do you know any of the other members of the jury panel from before today?

26. Do you have any impairments or health issues that might make it difficult for you to give your full time and attention to this trial and render a fair and impartial verdict?

27. Do you have any difficulty speaking, understanding, reading, or writing the English language?

28. Do you have such strong political, moral, or religious convictions that it would prevent you from passing judgment on another person, or that would impact your ability to render a verdict one way or the other, regardless of the evidence presented at trial and regardless of the law as I instruct you?

29. I expect this case to take approximately one week. Do you have any pressing commitment that would make sitting on this jury an extreme hardship? I understand that we are all busy. When I refer to a "pressing commitment," I am not referring to work, school, or other important commitments that we all have. I am referring to conflicts like preplanned, out-of-jurisdiction travel that cannot be rescheduled, a scheduled surgery, and other pressing matters that cannot be rescheduled or accommodated.

30. Is there any reason you can think of, whether or not it has been covered by a previous question, why you could not sit fairly, attentively, and impartially as a juror in this case?