**MARGULIS GELFAND**
**DIRUZZO & LAMBSON**

May 10, 2024

**BY EMAIL**
Joshua S. Rothstein
Assistant United States Attorney
United States Attorney's Office
District of Columbia
601 D Street, N.W.
Washington, DC 20530
joshua.rothstein@usdoj.gov

RE:   **Grand Jury Subpoena GJ20240229114371 – Issued to Vetted Courier and Logistics and Related Subpoena Served on Cortney Merritts**

Dear Mr. Rothstein:

We are writing on behalf of our clients, Vetted Couriers and Logistics (hereinafter, "Vetted") and Cortney Merritts ("Merritts").

Enclosed, please find Vetted's initial disclosure of documents responsive to the Grand Jury subpoena listed above. To the extent any additional responsive documents are located, they will be produced accordingly.

We are currently not aware of any communications that contain materials implicating the attorney-client privilege. That said, to the extent any of the enclosed disclosures contain privileged materials, such disclosure is inadvertent, and Vetted expressly reserves the right to claw these documents back. The attorney-client privilege belongs to the clients, including Vetted, and only a knowing and voluntary waiver of the privilege is sufficient to waive the privilege. *See* Fed. R. Evid. 502(a); *see also Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985). Similarly, the work-product privilege, which belongs to both the clients, including Vetted, and the attorneys, may only be waived knowingly and voluntarily. *See id.* If any enclosed documents are protected by either the attorney-client or work-product privilege, disclosure is entirely inadvertent and does not constitute a knowing and voluntary waiver of said privilege(s). Efforts have been made to avoid such an inadvertent disclosure and, therefore, there can be no argument that any privileges are being knowingly and voluntarily waived.

Finally, out of an abundance of caution, please note that the production of the enclosed documents is deemed an act of Vetted—*not* any individual custodian. Pursuant to *Braswell v. United States* and its progeny, Vetted—and the individuals through which Vetted acts—expressly assert that no protections under this body of law are being waived. *See Braswell v. United States*, 487 U.S. 99, 118 (1988) ("Because the custodian acts as a representative, the act is deemed one of the corporation and not the individual. Therefore, the Government concedes, as it must, that it may make no evidentiary use of the 'individual act' against the individual").

With respect to the subpoena served on Merritts in his individual capacity, the subpoena purports to require an individual to appear before a federal grand jury and to produce certain broad

7700 Bonhomme Avenue
Suite 750
St. Louis, MO 63105

p. 314.390.0234
f. 314.485.2264
margulisgelfand.com

USAO-005226

categories of documents after making a determination of what would be responsive to the requests contained within the subpoena. As such, he respectfully asserts his privilege against self-incrimination and his right to remain silent under the Fifth Amendment to the U.S. Constitution. This includes, but is not limited to, an express assertion of his Fifth Amendment privilege with respect to the act of production. *See, e.g., In re Grand Jury Subpoena Duces Tecum Dated Mar. 25, 2011*, 670 F.3d 1335, 1345 (11th Cir. 2012) (citing *Curcio v. United States*, 354 U.S. 118, 128 (1957) ("The touchstone of whether an act of production is testimonial is whether the government compels the individual to use the contents of his own mind to explicitly or implicitly communicate some statement of fact") (internal quotations omitted). That said, we have not identified any documents to date that would be responsive to the subpoena served on Merritts but not responsive to the subpoena served on Vetted.

Please do not hesitate to contact us with any questions or concerns.

Respectfully,

*/s/ Justin K. Gelfand*
Justin K. Gelfand
Gregory P. Bailey
Counsel for Vetted Couriers and Logistics

cc:    Special Agent Daniel A. Mehochko, FBI
       FBI Washington Field Office
       damehochko@fbi.gov