UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 25-cr-00076-JMC |
| | : | |
| **CORTNEY MERRITTS,** | : | |
| | : | |
| **Defendant.** | : | |

# UNITED STATES' MOTION TO DISCLOSE TAX RETURN AND TAX RETURN INFORMATION *NUNC PRO TUNC* TO NOVEMBER 26, 2025

The United States of America respectfully moves the Court for an Order allowing the Government to disclose a tax return and tax return information consisting of Exhibits D1 and D2 to the United States' Opposition to Defendant's Motion in Limine to Prohibit the Government from Attributing the Act of Production of Corporate Records to Merritts (ECF No. 35). In support of this motion, the United States submits the following:

1. On December 2, 2025, the United States filed its Opposition to Defendant's Motion in Limine to Prohibit the Government from Attributing the Act of Production of Corporate Records to Merritts (ECF No. 35) ("Government's Opposition").[1]

---

[1] The Government's Opposition was initially filed on November 26, 2025, as ECF No. 31, with Exhibits D1 and D2 attached on the public docket. Upon the Government's recognition (absent prior defense notification) that such exhibits should have been filed under seal until an order of this Court authorized disclosure, on December 1, 2025, at 4:39 p.m., the Government contacted the Clerk's Office to request these exhibits be placed under seal. According to the Clerk's Office, as of December 2, 2025, at 8:00 a.m., ECF No. 31 (in its entirety) has been placed under seal. Based on further conversations with the Clerk's Office, the previously-filed version of ECF No. 31 will be removed from the docket as entered in error.

The Government has now re-filed the Government's Opposition, along with a Motion to Seal Exhibits D1 and D2. If the Government's Motion to Seal is granted, then Exhibits D1 and D2 will remain under seal unless or until the Court grants this Motion for Disclosure.

2.  The United States obtained Exhibits D1 and D2 pursuant to an *ex parte* order under 26 U.S.C. § 6103(i)(1), directing the Internal Revenue Service to disclose tax returns[2] and tax return information.[3] Exhibit D1 is a Certificate of Lack of Record for Vetted Couriers and Logistics. Exhibit D2 consists of information about what years Defendant Merritts filed or did not file tax returns, and a copy of his individual Form 1040 federal tax return for tax year 2019. (Both exhibits have been redacted to remove EIN, SSN, and street address information.)

3.  Tax returns and tax return information obtained pursuant to 26 U.S.C. § 6103(i)(1) are confidential by default but may be disclosed in any judicial proceeding pertaining to enforcement of a specifically designated Federal criminal statute (not involving tax administration) to which the United States is a party "if the court finds that such return [ ] is probative of a matter in issue relevant in establishing the commission of a crime or the guilt or liability of a party." 26 U.S.C. § 6103(i)(4)(A)(i). Because of the default confidentiality applicable to tax returns and tax return information, the United States today filed a motion to place Exhibits D1 and D2 to the Government's Opposition under seal (ECF No. 36).

---

[2] The term "return" means "any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed." 26 U.S.C. § 6103(b)(1).

[3] As is relevant here, the term "return information" means "a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense." 26 U.S.C. § 6103(b)(2)(A).

4. The Defendant is charged with two counts of wire fraud and is proceeding to trial on January 12, 2026. As elaborated in the Government's Opposition, the tax return and tax return information are "probative of a matter in issue relevant in establishing the Defendant's guilt."

5. First, these exhibits support the United States's assertion that documents the Defendant produced in response to the Vetted subpoena are properly attributable to him. They show that the Defendant was a sole proprietor of Vetted, and thus not acting in a representative capacity, when he produced documents that do not support the amount of income he claimed on his loan applications. The Defendant's inability to produce records corroborating the revenue he claimed on his loan applications is directly probative of the intentional falsity of the statements made, or caused to be made, on the loan applications.

6. Second, at trial, the same tax return and tax return information will be probative of the fact that the despite owning and operating only one business, the Defendant falsely claimed differing amounts of income in different documents (or failed to file any statements concerning his income) depending on how it inured to his benefit. Such evidence is directly relevant to showing the intentional falsity of the statements he made, or caused to be made, on the loan applications.[4]

7. Given the probative nature of exhibits D1 and D2 in this criminal proceeding, their disclosure (redacted of EIN and SSN information) is consistent with congressional policy favoring the confidentiality of returns and return information.

---

[4] For example, when the Defendant submitted an EIDL application for a sole proprietorship transportation business operating as "Vetted Courier and Logistics," he claimed he had generated $32,000 in revenue between January 30, 2019, and January 30, 2020. Approximately three months later, after receiving $14,500 EIDL disbursements, the Defendant submitted (or caused to be submitted) another EIDL application for a transportation business. This time he claimed to operate the business under the name "Cortney Merritts," and he claimed he had generated $53,000 in revenue between January 30, 2019, and January 30, 2020. The amount of gross revenue he claimed was one of the key factors the SBA used to determine the appropriate EIDL amount.

8. Should the Court grant this motion, the Government requests that it be granted *nunc pro tunc* to November 26, 2025, the date that the documents were initially placed on the public docket in connection with ECF No. 31. The exhibits filed under seal in connection with ECF No. 35 on December 2, 2025, are identical, except that: (1) Exhibit D1 has been further redacted to hide the address number associated with Vetted's otherwise redacted street name; and (2) Exhibit D2 has been further redacted to hide the Defendant's street address and social security number. (In each case, these prior redaction failures were wholly inadvertent.)

9. The Defendant consented to the same type of tax return and tax return information being described publicly in a joint court filing. *See* Joint Pretrial Statement Attachment No. 4 (ECF No. 34-4) at 16-17.

10. Counsel for the Defendant opposes the relief sought by this motion.[5]

---

[5] Notably, "'[N]o court has held that a § 6103 violation warrants dismissal or suppression.'; *cf.* 26 U.S.C. § 7431 (providing civil remedy for unauthorized disclosures under § 6103)." *United States v. Biden*, 728 F. Supp. 3d 1054, 1098 (C.D. Cal. 2024), *appeal dismissed*, No. 24-2333, 2024 WL 2745125 (9th Cir. May 14, 2024).

WHEREFORE, the United States respectfully requests that the Court issue an Order that permits the Government: (1) to disclose Exhibits D1 and D2 (redacted of SSN and EIN information) in connection with the pretrial litigation in this matter, and (2) to disclose the tax return contained in Exhibit D2 at trial; and (3) to disclose the lack-of-records information contained in Exhibits D1 and D2 at trial (whether in the same form or in the form of IRS Form 3050s or testimony).[6]

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:      /s/ *Emily A. Miller*
EMILY A. MILLER (D.C. Bar No. 462077)
Assistant United States Attorney
United States Attorney's Office
District of Columbia
601 D Street NW
Washington, DC 20530
Office: (202) 252-6988

---

[6] As explained in the Joint Pretrial Statement (ECF No. 34, Attachment No. 4, at 16-17), in place of the lack-of-record return information in Exhibits D1 and D2, and only if the Defendant agrees, at trial the Government will introduce: (1) an IRS Form 3050 certification of lack of record showing that the Defendant made no other tax filings in his name during the relevant time period (exhibit to be provided after it is obtained), and (2) an IRS Form 3050 certification of lack of record showing that the Defendant made no tax filings in the name of his moving company (Vetted) during the relevant time period (Trial Exhibit 34). If the Defendant does not stipulate to the introduction of certificates of no record, however, the Government will call a witness from the IRS who performed the relevant searches to testify to the substance thereof.