**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>) | |
| | ) | |
| v. | ) | No. 1:25-CR-76-JMC |
| | ) | |
| CORTNEY MERRITTS,<br>    Defendant. | )<br>)<br>) | |

### DEFENDANT'S MOTION TO RECONSIDER ORDERS DENYING MOTION TO DISMISS FOR SELECTIVE PROSECUTION AND ORDERS CONCERNING FORMER CONGRESSWOMAN CORI BUSH

Throughout this litigation, the Government has doubled down on two premises: *first*, that Cortney Merritts was not a target of the campaign funds investigation targeting his wife, former Congresswoman Cori Bush; and *second*, that the decision to investigate and prosecute Merritts for alleged PPP and EIDL loan fraud was not motivated by his marriage to Congresswoman Bush or his work on a Democratic elected official's campaign.

Based on discovery not disclosed until December 2025, both premises are outright false, and this newly revealed evidence provides a proper basis for granting this Motion for Reconsideration. Despite the Government's express representations to the contrary, Courtney Merritts *was* the target of the initial campaign funds investigation as set out in a May 19, 2023 letter from the U.S. Attorney's Office for the District of Columbia to the IRS-CI Special Agent in Charge of the Washington, D.C. field office:

1

Furthermore, the decision to investigate and prosecute Merritts was motivated entirely by the fact that Merritts was married to Congresswoman Bush and, even more, was working on the Democratic elected official's campaign. In an internal IRS memorandum hidden from the defense and from this Court during the litigation of the selective prosecution motion to dismiss and the motions in limine regarding Congresswoman Bush, IRS-CI stated the *only* reason this investigation was "impactful" was because "Merritts is the husband of Congresswoman Cori Bush" and that this case would garner "[m]edia attention since he is the husband of a congresswoman":

> iii. Describe the factors that make the investigation impactful (media attention, notoriety of subject, effect on community, international nexus, virtual currency, dark web, etc.) Media attention since he is the husband of a congresswoman.
>
> iv. Does this investigation involve sensitive subjects as defined by IRM 9.4.1.6.3 or other sensitive factors? Merritts is not a sensitive subject but his spouse is. Since receiving the PPP loan Merritts works for his wife's campaign.

As set out in more detail herein, the truth of the matter is: Merritts *was* the target of the initial campaign funds investigation and he was targeted precisely because he is married to Congresswoman Bush and worked on her campaign.

## I.    A Motion for Reconsider is Proper Under These Circumstances

"Although the Federal Rules do not specifically provide for motions for reconsideration in criminal cases, the Supreme Court has recognized, in dicta, the utility of such motions." *United States v. Ferguson*, 574 F. Supp. 2d 111, 113 (D.D.C. 2008) (citing *United States v. Dieter*, 429 U.S. 6, 8 (1976)). "This Court has adopted such a philosophy by regularly entertaining motions for reconsideration in a criminal context, applying the analogous Federal Rules of Civil Procedure." *In re Extradition of Liuksila*, 133 F. Supp. 3d 249, 255 (D.D.C. 2016); *see also Tyson v. District of Columbia*, CV 20-1450 (RC), 2021 WL 4860685, at *4 (D.D.C. Oct. 19, 2021) (considering and denying defendant's motion for reconsideration of the court's prior denial of a motion to dismiss); *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (listing cases applying standards from Federal Rules of Civil Procedure in reconsideration context).

The Court's decision to deny Defendant Merritts' initial Motion to Dismiss was an interlocutory decision. As it has before, the Court should reconsider an interlocutory decision "as justice requires." *See*,

*e.g.*, *Coulibaly v. Tillerson*, 278 F. Supp. 3d 294, 301 (D.D.C. 2017); *United States v. Dynamic Visions, Inc.*, 321 F.R.D. 14, 17 (D.D.C. 2017); *Sunia*, 643 F. Supp. 2d at 60–61; *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). In this case, it is clear "that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Dynamic Visions, Inc.*, 321 F.R.D. at 17 (internal quotation marks omitted) (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005)).

"In general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: '(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order.'" *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008) (quoting *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003)), aff'd, No. 09-5349, 2010 WL 1632965 (D.C. Cir. Apr. 1, 2010). Justice may also require reconsideration "'where a controlling or significant change in the law or facts has occurred since the submission of the issue to the court.'" *McLaughlin v. Holder*, 864 F. Supp. 2d 134, 141 (D.D.C. 2012) (quoting *Ficken v. Golden*, 696 F. Supp. 2d 21, 35 (D.D.C. 2010)). However, motions for reconsideration "cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (internal quotation marks omitted) (quoting *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010)).

Here, reconsideration is warranted because new facts and evidence have come to light since the Court's prior ruling on Defendant Merritts' Motion to Dismiss for Selective Prosecution. These newly discovered facts could not have been presented with reasonable diligence at the time of the original motion, and they directly bear on legal analysis that must be conducted by this Court. Under the framework established in *Zeigler* and *McLaughlin*, and as demonstrated below, the emergence of this evidence constitutes a significant change in the facts before the Court and provides a proper basis for reconsideration. *Zeigler*, 555 F. Supp. 2d at 129; *McLaughlin*, 864 F. Supp. 2d at 141.

II.     **Despite the Government's Representations to this Court That Merritts "Was Not a Target" and "Was Never a Target" of the Campaign Funds Investigation, the U.S. Attorney's Office for the District of Columbia Expressly Identified Him as a Target in a 2023 Letter to IRS-CI**

With respect to the first premise—that Cortney Merritts was not a target of the original investigation targeting Congresswoman Bush—the prosecution has been clear in its representations to this Court. At the Pretrial Hearing before this Court on December 5, 2025, AUSA Kelly stated: "*I just want to be very clear*, Your Honor. The campaign funds investigation, *the only target in that case was Ms. Bush. Mr. Merritts was not a target* of that investigation." (*See* Tr. at 52-53) (emphasis added). As if that was not clear, AUSA Kelly further stated: "*He [Merritts] was never a target*, so this is not a situation where the agents were going after Mr. Merritts and couldn't get him on one thing, and so they decided to get him on something else." (*Id*. at 53) (emphasis added). When arguing against the defense's position, AUSA Kelly characterized the campaign funds investigation as "an *unrelated investigation*." (*Id*. at 63). And this Court understandably even incorporated those representations in its own questions and analysis: "Can I hear from defense counsel? One is, I forgot to ask you your response to the government's argument about the mismatch, meaning, you know, maybe this would be a closer question if Ms. Bush were the defendant. *But because Mr. Merritts was not the target of the investigation*, this idea that, you know, you had to find something, doesn't that suggest that they would have -- *if they were going to kind of pin something on someone, wouldn't they pin it on the target of their investigation?*" (*Id*. at 63) (emphasis added). And in its Court's December 18, 2025 MINUTE ORDER, this Court ruled: "At this juncture, the Court GRANTS the Government's motion to exclude details of the prior investigation, including the nature of the investigation and the specific allegations at issue. Defendant filed a very cursory and generic pleading about the relevance of the prior investigation. Absent a further proffer, *Defendant has not suggested to the Court why the details of the nature of the prior investigation are relevant to assessing the bias of any individual witness*." (emphasis added).

Based on discovery hidden from the defense throughout the litigation of these issues and only disclosed in December 2025, Cortney Merritts **_was the target_** of the campaign funds investigation—and the U.S. Attorney's Office for the District of Columbia expressly stated so in a letter to the Special Agent in Charge of the IRS's Washington, D.C. field office:



As of May 19, 2023, the U.S. Attorney's Office was actively conducting an "ongoing grand jury investigation" of "CORI BUSH, CORTNEY MERRITTS" and two other people involving "allegations including unlawful conversion of campaign funds for personal purposes," "causing false campaign expenditure reports," "false statements," "wire fraud," "falsification of records," and "conspiracy to commit an offense against the United States." *See* Exh. 1 (filed under seal). The objective evidence expressly rebuts the Government's representations to this Court: Merritts *was* one of four targets of the campaign funds investigation. The Government's repeated misrepresentations to the contrary—that he was "not a target" and that he was "never a target"—are wholly inaccurate and unjustified, and the Government's failure to correct the record even to this day to the detriment of a criminal defendant weeks before trial is inexcusable.

III.    **Despite the Government's Representations that the Motive to Investigate or Prosecute Merritts Was Unrelated to His Marriage to Congresswoman Bush, Merritts Was Targeted Because, According to Internal Investigative Agency Memoranda, "Merritts is the Husband of Congresswoman Cori Bush" and this Case Would be "Impactful" Because it Would Garner "Media Attention Since He is the Husband of a Congresswoman"**

A deeper dive into the previously-hidden and newly-disclosed discovery is even more telltale when it comes to this Court's denial of Merritts's motion to dismiss for selective prosecution. Indeed, in denying the motion to dismiss, this Court made certain critical findings: "So I also find that the defense has failed to offer any evidence, even in direct evidence, of improper motive that would justify discovery on this issue. So because I find that the defense has failed to demonstrate discriminatory effect and offers only speculation as to discriminatory motive, the Court will deny that motion." (*See* Tr. at 26). In other words, based on the Government's repeated representations to this Court that the decision to investigate and prosecute Merritts for

alleged PPP and EIDL loan fraud was _not_ motivated by his marriage to Congresswoman Bush or by his work on the campaign of a Democratic candidate, this Court denied the motion to dismiss.

But the newly disclosed documents unambiguously establish an unconstitutional motive—and this is no doubt just the tip of the iceberg that will be revealed with further discovery to which Merritts is entitled.

On May 1, 2024, the IRS agreed to "participate…in this *ongoing* investigation." *See* Exh. 2 (filed under seal) (emphasis added). As the defense has always maintained, there were not two separate investigations: the PPP loan fraud investigation was, in the Government's own words, part of an "ongoing investigation" involving Cori Bush, and Merritts was investigated precisely *because* he was married to Congresswoman Bush. Indeed, that same day, the lead IRS-CI special agent assigned to this case made it crystal clear that this investigation involving a "paycheck protection program loan in May 2021" was directly tied to Merritts's marriage to Congresswoman Bush. *See* Exh. 3 (filed under seal).

The special agent's *sole* response to the question, "How is the investigation impactful?" was: "Merritts is the husband of Congresswoman Cori Bush." (*Id*.). And the unconstitutional motive to target Merritts based on political affiliation should make this Court cringe:

> iii. Describe the factors that make the investigation impactful (media attention, notoriety of subject, effect on community, international nexus, virtual currency, dark web, etc.) Media attention since he is the husband of a congresswoman.
>
> iv. Does this investigation involve sensitive subjects as defined by IRM 9.4.1.6.3 or other sensitive factors? Merritts is not a sensitive subject but his spouse is. Since receiving the PPP loan Merritts works for his wife's campaign.

This is the opposite of speculation. The direct evidence is that Merritts was targeted because this investigation, in the eyes of the federal investigators, would garner "[*m]edia attention since he is the husband of a congresswoman*." (*See id*.) (emphasis added). And as the special agent expressly stated, the decision to "elevate" this investigation on May 1, 2024—the same day it was opened—was that the "USAO plans to move forward on PPP Loan fraud against Merritts" and IRS-CI, which was invited to join the investigation by the U.S. Attorney's Office for the District of Columbia, did so because the case would generate media attention solely based on the premise that Merritts was married to a then-sitting member of the U.S. House of Representatives. Yet the Government repeatedly represented to this Court that this prosecution has nothing to

do with Congresswoman Bush.

And in the context of how IRS-CI actually operates, the notion that this investigation was "unrelated" to the campaign funds investigation and to Congresswoman Bush is plainly disingenuous. In most investigations involving IRS-CI, the chief of IRS-CI does not have to approve the IRS's involvement. But in this case, Guy Ficco, who was (and is) the chief of IRS-CI, apparently approved this investigation[1] in an internal memorandum stating—in direct contrast to the prosecution's representations to this Court—that this was "*related to a current IRS-CI primary investigation of Cori Bush*" (emphasis added); that IRS-CI's involvement was at the request of the "United States Attorney's Office for the District of Columbia and the Federal Bureau of Investigations" and the request was for IRS-CI "to join in an investigation of Cortney Merritts and others relating to allegations of paycheck protection program fraud"; and that, "[a]lthough Merritts himself is not a sensitive subject, his wife is Cori Bush. Bush is a congresswoman from St. Louis. They were married in February 2023. Merritts currently works for Bush's campaign." *See* Exh. 4 (filed under seal). As the internal investigative agency memoranda reveal: (1) Merritts and Congresswoman Bush were both targets of the campaign funds investigation even though the prosecution in this case has expressly represented otherwise; (2) Merritts was targeted precisely because he was married to Congresswoman Bush even though the prosecution in this case has expressly represented otherwise; (3) Merritts was targeted because he was actively working for a Democratic congresswoman's political campaign even though the prosecution in this case has expressly represented otherwise; and (4) the reason this case would be "impactful" was because Merritts's marriage to Congresswoman Bush would garner media attention for the Government. Merritts would not be standing before this Court as a defendant if he were not married to Congresswoman Bush. And the evidence of the unconstitutional motive is as powerful as it is wrong.

What is particularly critical is that it is black letter law that political affiliation and political employment cannot constitutionally factor into the decision to investigate or prosecute somebody for a crime. While a "presumption of regularity applies to prosecutorial decisions . . . the Government cannot base its decision to prosecute on some unjustifiable standard, such as a defendant's 'political beliefs.'" *United States*

---

[1] The Government has not provided the signed copy of the memorandum.

*v. Judd*, 579 F. Supp. 3d 1, 4 (D.D.C. 2021) (quoting *Branch Ministries v. Rossotti*, 40 F. Supp. 2d 15, 21 (D.D.C. 1999), aff'd 211 F.3d 137 (D.C. Cir. 2000)). As set out in the motion to dismiss for selective prosecution (Doc. 14), the question is whether Merritts was "singled out." *United States v. Fares*, 978 F.2d 52, 59 (2d Cir. 1992). Indeed, the D.C. Circuit has acknowledged that "direct evidence of motive or intent is rarely available" in a selective prosecution context, and indirect evidence can establish unequal application of the law. *Branch Ministries, Inc. v. Richardson*, 970 F. Supp. 11, 17 (D.D.C. 1997). In *Branch Ministries*, the D.C. Circuit ordered discovery because the litigant in that case "could not be expected to have access to **internal IRS documents**, witness statements or **other direct evidence of discriminatory intent.**" *Id*. (emphasis added).

The same was true when Merritts was litigating the motion to dismiss for selective prosecution before this Court: he did not have access to "internal IRS documents" and other documents evidencing "discriminatory intent." *Id*. But the Government did. And the limited internal IRS documents recently disclosed—all of which should have been disclosed *before* this Court's pretrial motions deadline and, at a minimum, during the litigation of the motions to dismiss—reveal unambiguous evidence of the Government's motive: this case will be "impactful" because it will generate "media attention since he [Merritts] is the husband of a congresswoman." But instead of disclosing and acknowledging this unconstitutional motive, the prosecution outright misled this Court in its opposition to the motion to dismiss: "Defendant has put forth no evidence that any government official involved with deciding to prosecute this case was motivated by impermissible considerations or discriminatory influence." (*See* Doc. 16 at 13). However, to the extent that was true, it was only because the Government had not disclosed the clear-cut evidence that this prosecution was motivated by the fact that Merritts was married to a former congresswoman. It was that fact that was going to generate the media attention the investigative agency wanted. It was the fact that Merritts was working for Congresswoman Bush's campaign that was front and center in the law enforcement agency's internal memorandum. And, tellingly, it was the very first fact in a note to reviewer seeking authority for IRS-CI to join in this investigation:

8

**Note To Reviewer**
For a Signature Package

Subject:
Cortney Merritts

Background:
Cortney Merritts is the husband of Cori Bush - a congresswoman from St. Louis, MO. ████████████

*See* Exh. 5 (filed under seal). Indeed, the fact that Merritts was married to "Cori Bush" and "currently works for Bush's campaign" was at the heart of the memorandum seeking approval from IRS-CI Chief Guy Ficco to initiate this IRS-CI investigation in the first place.

Perhaps even more disturbing is the fact that the prosecution continued to mislead the defense and this Court prior to disclosing this evidence in its attempt to exclude evidence of what it continued to characterize in pleadings as "the unrelated investigation." *See* Doc. 24 at 8. With a straight face, the prosecution sought to exclude even the fact that Congresswoman Bush was married to Merritts out of fear that the jury would conclude Merritts was being prosecuted because of his relationship with Congresswoman Bush—all well knowing that is *precisely* why the IRS even joined this investigation targeting Merritts and Congresswoman Bush in the first place. In fact, the prosecution actually argued that any "attempt to inject" Congresswoman Bush "into this case would be a transparent effort to insinuate to the jury that this prosecution is politically motivated" and "it is not." *Id.* at 10 (underlined by the prosecution in its pleading). But it was unambiguously politically motivated as reflected in Exhibit 3: it would be "impactful" because it would generate "[m]edia attention since he is the husband of a congresswoman."

This warrants outright dismissal based on the facts already before this Court. However, at a bare minimum, this should entitle Merritts to meaningful discovery on selective prosecution and to an evidentiary hearing before this case proceeds to trial on the merits. The truth of the matter is: in its internal memoranda, the IRS said the quiet part out loud and the prosecution hid what really motivated this prosecution from the defense and from this Court at the times that mattered—when the parties were litigating and this Court was issuing rulings on how Congresswoman Bush factored into this case.

Thus, for all of the foregoing reasons, Merritts requests that this Court reconsider his motion to dismiss for selective prosecution and dismiss this case because it was clearly unconstitutionally politically motivated. In the alternative, Merritts requests that this Court permit discovery on the motion for selective prosecution,

9

ultimately set this matter for an evidentiary hearing, and that this Court reconsider all of its previous rulings related to Congresswoman Bush given what actually transpired.

Respectfully submitted,

**Margulis Gelfand DiRuzzo & Lambson**

 */s/ Justin K. Gelfand*
JUSTIN K. GELFAND
JOSEPH A. DIRUZZO, III
7700 Bonhomme Avenue, Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
jd@margulisgelfand.com

**<u>Certificate of Service</u>**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney and all other counsel in this case.

<u>/s/ Justin K. Gelfand</u>
JUSTIN K. GELFAND
JOSEPH A. DIRUZZO, III
7700 Bonhomme Avenue, Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
jd@margulisgelfand.com

11