**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 25-cr-00076-JMC** |
| | **:** | |
| **CORTNEY MERRITTS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**UNITED STATES' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO**
**DISCLOSE TAX RETURN AND TAX RETURN INFORMATION**

The United States of America respectfully replies to defendant Cortney Merritts's opposition (ECF No. 44) to its motion (ECF No. 37) to disclose tax return and tax return information.

Preliminarily, the government addresses a number of factual assertions by the defendant. First, as has been repeatedly made clear to the defendant via email and in pleadings previously filed, Document 31-9, which comprised Exhibit H to the United States' initial pleading opposing his corporate attribution motion (ECF No. 31) was obtained from the defendant's loan application, not the IRS. Accordingly, it does not come within the ambit of 26 U.S.C. § 6103, which only applies to returns and return information obtained from the IRS. Accordingly, that exhibit was properly refiled as an exhibit on the public docket when the government re-filed its motion devoid of materials obtained from the IRS (ECF No. 35) and it is irrelevant to the instant litigation.

Second, any redaction errors were clearly inadvertent. The government obviously took pains to apply redactions, as twelve of the fifteen exhibits it filed in conjunction with its initial motion contained redactions of his social security number, physical address, email address, phone number, date of birth, his company's business tax identification number, and the names and contact

information of various individuals who were identified in text messages. The unredacted information about which the defendant complains pertain to only one of those documents, Government Exhibit D2 (ECF No. 31-5), and the lack of sufficient redaction appears to have been the result of a technological error. The government applied redactions to that document, as is evident from the multiple redaction boxes throughout. But the redaction boxes on the tax return itself appear to have saved to a random location on the document—as evidenced on page USAO-009693 in the section designated "Refund"—rather than the locations in which they were originally placed. Notably, the government observed these errors and had the document sealed before the defendant himself even noticed them.

Third, it is reasonable to infer that the documents were never viewed or downloaded by any person who should not have had access. The documents were attached to an opposition to a motion by the defendant to prohibit the government from attributing the act of production of corporate records to him, a pleading unlikely to have attracted any public interest. It was publicly available for a total of five days (initially published on Wednesday, November 26, 2025, at 5:29 p.m. and sealed from access as of Tuesday, December 2, 2025 at 8:00 a.m.). At the government's request, on December 17, 2025, the Clerk's Office ECF Coordinator reached out to PACER to see if more information could be learned about who may have accessed it during that period. According to the ECF coordinator, although PACER records do not include access via the NEF or public terminals, the PACER records that do exist showed that only government counsel viewed the two exhibits in question. Notably, although this case has garnered continual publicity, the government has been unable to identify a single article in which a news organization claims to possess the information in question or has reported on the contents of the documents at issue.

2

Fourth, while the documents at issue were not previously disclosed publicly, at least some of their contents have been discussed in a joint filing in this case without objection, so his outrage is to some degree disingenuous. *See, e.g.* Joint Pretrial Statement (ECF No. 34), Exhibit 4 at 16 ("The tax-related documents that the Government does intend to introduce are: (1) the Defendant's Form 1040 income tax return filed for tax year 2019, certified as a true copy by the IRS (Exhibit 30), (2) a Form 3050 certification of lack of record showing that the Defendant made no other tax filings in his name during the relevant time period (exhibit to be provided after it is obtained), and (3) a Form 3050 certification of lack of record showing that the Defendant made no tax filings in the name of his moving company (Vetted) during the relevant time period (Exhibit 34)").

With respect to the defendant's arguments on the merits, the United States withdraws its request for the court to grant relief nunc pro tunc to November 26, 2025, thus mooting the defendant's argument opposing nunc pro tunc relief.

The defendant's arguments against disclosure of exhibits attached to the government's motion to seal (ECF No. 36), however, are without merit. In non-tax criminal cases, as was done here, federal prosecutors may obtain and use for investigative purposes returns and other information filed with the IRS by a taxpayer only through an ex parte order of a United States district court based upon an application (that must be signed by the United States Attorney) showing that the information is relevant to an ongoing criminal prosecution. The prosecutor may use that information at trial (e.g., introduce it into evidence or otherwise make it public in the proceeding) upon a showing to the court that the information is "probative of an issue" in the case. 26 U.S.C. § 6103(i)(4)(A)(i). The government has met that standard for the reasons stated in its opening motion.

The defendant's assertion concerning the uncertified nature of the exhibits attached to the government's motion to seal (ECF No. 36) is inapposite. First, certification is a method of authenticating the documents for entry as an exhibit at trial. There is no requirement to attach certified documents to a pleading, and parties regularly attach unofficial versions of documents and hearsay as exhibits to pleadings. The defendant is simply attempting to twist the letter's instructions on how to obtain certified documents for a judicial proceeding into a non-existent requirement.

Second, the defendant misrepresents the facts. Exhibit D1 *is* a copy of a certified Form 3050 for Vetted (Government Trial Exhibit 307, previously 034),[1] and Exhibit D2 *includes* a copy of a certified 2019 tax return (Government Trial Exhibit 303, previously 030). The only relevant information in Exhibit D2 that is not certified concerns the lack of records for the defendant for other tax years, but the government expects to elicit the equivalent information through the testimony of an IRS disclosure witness at trial. Moreover, on December 29, 2025, the government provided the defense a certified document containing the same information (USAO-010906) and included that document on an updated exhibit list provided to the defense on December 28, 2025 (Government Trial Exhibit 306).

Given the probative nature of the documents and the loss of confidentiality that is inevitable to occur when the same or similar documents or equivalent testimony about their contents become a matter of public record at a trial that is imminent, there is a sufficient basis for their disclosure under the relevant statute. Moreover, the defendant's assertion that it is premature for the Court to

---

[1] As this document neglects to identify any tax periods in the section designated "Period(s)," the government has requested the IRS to provide a revised version of this certificate for trial that includes the relevant tax periods, and to limit its questioning to those tax periods. It will replace the current Government Trial Exhibit 307.

determine whether these and the remaining documents obtained from the IRS via ex parte order[2]

may be disclosed at trial is absurd given that trial is imminent and the jury's time should not be

wasted because of a failure to resolve disclosure issues ahead of time.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:        /s/ *Emily A. Miller*
EMILY A. MILLER (D.C. Bar No. 462077)
Assistant United States Attorney
United States Attorney's Office
District of Columbia
601 D Street NW
Washington, DC 20530
Office: (202) 252-6988

---

[2] As the defense is aware, through its IRS witness at trial, the government further expects to introduce IRS account transcripts for Corney Merritts for 2019-2022 (USAO-010724). The government is awaiting certified copies of these documents from the IRS, but the uncertified copies were provided in discovery and included on the government's exhibit list (Government Exhibit 304, previously 033) before the pretrial hearing.