UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>v.<br><br>CORTNEY MERRITTS,<br>　　　　Defendant. | )<br>)<br>)<br>)　No. 1:25-CR-76-JMC<br>)<br>)<br>) |

### DEFENDANT'S MOTION TO CONTINUE TRIAL

Defendant Cortney Merritts, by and through his undersigned counsel, respectfully moves this Court to continue the trial in this case.

When the defense appeared for the pretrial conference of this case, the defense correctly announced to this Court it was ready for trial and that Merritts intended to proceed to trial on January 12, 2026 as currently docketed. Since then, based on discovery not disclosed until December 2025 and conduct by the Government that did not occur until December 2025, the parties have engaged in extensive motion practice that remains unresolved but critical to resolve before a jury is sworn in this case.

As it stands, three critical motions remain pending before this Court: (1) a motion to disqualify; (2) a motion to reconsider the previously-filed motion to dismiss for selective prosecution and to reconsider this Court's previous rulings concerning former Congresswoman Cori Bush based on what the evidentiary record actually establishes; and (3) a motion to disclose confidential tax return and return information obtained via an *ex parte* order that the Government already illegally disclosed in violation of Section 6103 but that the Government now seeks leave to further disclose at trial.

As to the motion to disqualify, the Government has thus far remained silent and not yet filed a response and the current trial date would not provide the defense sufficient time to file a reply, for this Court to hold oral argument on the motion, and for this Court to issue a reasoned ruling before the jury is sworn given the likelihood of appellate review regardless of who the prevailing party is, as Federal Rule of Criminal Procedure 12 requires. It seems the more prudent course is to continue the trial of this matter, to permit the parties the time necessary to fully brief and argue the merits of the complex issues, and to give this Court all

1

the time it needs to arrive at an appropriate resolution of the motion.

As to the motion to reconsider, the parties have now fully briefed the issues but given just how important the issues are and the fact that this is a dispositive motion that would obviate the need for a jury trial in the first place, the defense is concerned the current trial date does not give this Court sufficient time to fully and fairly resolve this motion—and to do so with the benefit of oral argument. Indeed, while the defense maintains that dismissal is the appropriate remedy given the record that is already before this Court, at a bare minimum further discovery on the issue is warranted based on the case law in this Circuit and the parties would need sufficient time to conduct that additional discovery.

As to the motion to disclose, the motion remains pending but the Court has not yet ruled. To be clear, this is not the *pro forma* motion of the type the Government has attempted to frame. This Court could, *inter alia*, permit a limited disclosure to the extent necessary for purposes of the jury trial or exclude this evidence outright—but it is completely unnecessary for the Court to permit wholesale disclosure of the tax returns of a former Congresswoman's husband considering Mrs. Bush is now running for congressional office.

To be clear, the Speedy Trial Act is currently tolled given the pendency of motions before this Court and, in any event, this Court can and should find that the ends of justice served by continuing this trial outweigh the best interests of the public and the defendant in a speedy trial.

Ultimately, this is a profoundly important case and critical legal and factual issues remain pending before this Court. Thus, to give both the parties and this Court sufficient time to litigate these issues and to resolve them fairly and thoroughly, Merritts respectfully requests that this Court vacate the current trial setting and reschedule this trial to a date in the future that works for all parties in the event it needs to proceed to trial.

       Respectfully submitted,

       **Margulis Gelfand DiRuzzo & Lambson**

       <u>*/s/ Justin K. Gelfand*</u>
       JUSTIN K. GELFAND
       JOSEPH A. DIRUZZO, III
       7700 Bonhomme Avenue, Ste. 750
       St. Louis, MO 63105
       Telephone: 314.390.0234
       Facsimile: 314.485.2264
       justin@margulisgelfand.com
       jd@margulisgelfand.com

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney and all other counsel in this case.

                                            */s/ Justin K. Gelfand*
                                            JUSTIN K. GELFAND
                                            JOSEPH A. DIRUZZO, III
                                            7700 Bonhomme Avenue, Ste. 750
                                            St. Louis, MO 63105
                                            Telephone: 314.390.0234
                                            Facsimile: 314.485.2264
                                            justin@margulisgelfand.com
                                            jd@margulisgelfand.com