**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

CORTNEY MERRITTS,

Defendant.

Case No. 25-cr-76 (JMC)

**ORDER**

On January 7, 2026, the Court held a pretrial status conference with the Parties, resolving the Parties' pending pretrial motions. Jan. 7, 2026 Min. Entry. As the Court stated on the record at the conference, is hereby **ORDERED** that:

The Government's Motion to Disclose Tax Returns and Tax Return Information, ECF 37, is **GRANTED**. The Court will permit the Government to (1) disclose the tax return information contained in Exhibit D2 at trial, (2) disclose the lack-of-records information contained in Exhibits D1 and D2 at trial, and (3) introduce certified copies of IRS account transcripts at trial. ECF 37 at 5; ECF 53 at 5 n.2. The Government has withdrawn its request that this motion be granted nunc pro tunc. ECF 53 at 3. The Court will also permit the redacted tax records to be presented in open court at trial but the records will remain under seal if posted to the public docket, without prejudice for any Party to seek relief from this requirement.

Defendant's Motion for Reconsideration, ECF 48, is **DENIED**. First, the Court will not reconsider its prior order denying Defendant's Motion to Dismiss Case for Selective Prosecution. Dec. 5, 2025 Min. Order; ECF 14. The Court has further considered the Parties' arguments from the January 7, 2026 hearing, but does not find a basis to alter the ruling made on the record.

Defendant points to documents from the IRS Criminal Investigation (IRS-CI) agency that reference Defendant's relationship with his wife, former Congresswoman Cori Bush, as providing newfound evidence of political animus driving this case. First, Defendant's argument that the documents at issue demonstrate a discriminatory political motive to prosecute Defendant is a stretch. As defense counsel noted at the hearing, an IRS-CI agent described an investigation into Defendant as being potentially "impactful" because of attention the case could receive due to his connection to former Congresswoman Bush. ECF 61 at 33:22–34:3. That does not suggest that the choice to ultimately bring criminal charges was driven by political animus or bias. *Compare Branch Ministries v. Rossotti*, 211 F.3d 137, 144 (D.C. Cir. 2000) (requiring defendants to show that "the prosecution was improperly motivated, i.e., based on race, religion[,] or another arbitrary classification") *with United States v. Armstrong*, 517 U.S. 456, 465 (1996) (deferring to prosecutors on their assessment of factors such as "the prosecution's general deterrence value" and "the Government's enforcement priorities"). Second, even if the Court read the documents as Defendant does, they do not demonstrate that the U.S. Attorney's Office for the District of Columbia—the entity making prosecutorial decisions in Defendant's case—harbored any discriminatory motive relevant to Defendant's selective prosecution theory. *See United States v. Stone*, 394 F. Supp. 3d 1, 36 (D.D.C. 2019) (requiring defendants to show that "the decisionmaker acted with a discriminatory purpose"). The documents are at best probative of the intent of a single IRS agent making a recommendation to his supervisors. That agent's intent is not relevant to the Court's analysis of the selective-prosecution motion, which focuses on the intent of the entity bringing charges against Defendant. *Armstrong*, 517 U.S. at 467 (assessing selective-prosecution claims against those exercising "the power to prosecute").

Separately, as noted on the record, the Court will not quash any subpoenas that Defendant

intends to issue to IRS-CI agents at this juncture, but Defendant will be required to proffer the relevance of the testimony of IRS-CI Special Agent in Charge Kareem Carter and IRS-CI Chief Guy Ficco before calling either of those individuals as witnesses. The Court also **DENIES** Defendant's motion insofar as it requests further discovery on the selective prosecution issue or the opportunity to hold an evidentiary hearing on that motion. To be clear, the Court has not prevented Defendant from presenting evidence or making proffers or arguments that support his motion. The Court has already considered the evidence and arguments Defendant has submitted so far. The Court, however, does not find a basis to allow inquiry of witnesses or further discovery on this issue.

Second, Defendant also moved the Court for reconsideration of its prior order granting in part and denying in part the Government's motion to exclude arguments regarding the campaign funds investigation into former Congresswoman Bush, but that portion of the motion appears to be moot and is thus denied.[1] Dec. 18, 2025 Min. Order; ECF 24. That is because Defendant has represented that it does not intend to elicit testimony or introduce evidence concerning the underlying details of any alleged violation of campaign finance laws or related false statements, and the Court has already confirmed that Defendant can question witnesses concerning any alleged bias, including political bias. Dec. 18, 2025 Min. Order.

While the Court denies Defendant's motion to reconsider its prior order, the Court will clarify and reiterate certain aspects of that order. First, the Court recognizes that the discussion in the December 5, 2025 pretrial conference of "mismatch" between the identified targets of two separate investigations is no longer accurate. *See* ECF 46 at 63:8–16. At the time of the prior

[1] In response to the Court's questioning at the hearing, defense counsel stated that it is no longer moving the Court to reconsider the December 18, 2025 order regarding the scope of permissible questioning and argument about the campaign funds investigation. ECF 61 at 64:9–13.

hearing, the Court relied on the Government's representations that Mr. Merritts was not a target of the campaign funds investigation. But documents newly filed with the Court indicate that the campaign funds investigation into Ms. Bush and the investigation into Mr. Merritts' alleged Paycheck Protection Plan loan fraud were intertwined, stemming out of a single grand jury investigation. ECF 49-1 at 1. The Government has also acknowledged that the investigations occurred contemporaneously. *See* ECF 61 at 111:15–22. Accordingly, the Court finds that Mr. Merritts was a subject of the campaign funds investigation into former Congresswoman Bush. Second, the Court clarifies that Defendant is permitted to cross-examine witnesses about any actions in the investigation that led to the evidence that will be presented against him in this case. *See United States v. Sutton*, No. 21-cv-0598, 2024 WL 278070, at *33 (D.D.C. Jan. 25, 2024) (noting that criminal defendant is "entitled to present some evidence to the jury that [the agents] did a less-than-thorough job investigating"); *United States v. Quinn*, 537 F. Supp. 2d 99, 115 (D.D.C. 2008) ("A common trial tactic of defense lawyers is to discredit the caliber of the investigation."); *Kyles v. Whitley*, 514 U.S. 419, 444 (1995) (permitting defendants "to attack . . . the thoroughness and even the good faith of the investigation"). Third, although Defendant has indicated that he does not intend to get into the details of the specific conduct and aspects of the investigation concerning campaign finance and related allegations, the Court has confirmed that Defendant can elicit that the initial investigation concerned activities related to politics. Finally, the Court reiterates that Defendant can cross-examine witnesses to explore any bias they may have against him which motivated their conduct of the investigation. Such bias can include (1) personal motivations or grievances based on their work on the campaign funds investigation, including "career or reputational consequences of such work," Dec. 18, 2025 Min. Order, and (2) political animus or bias they may harbor against Defendant or former Congresswoman Bush.

Because such questioning is already permitted under the Court's prior order, the Court sees no need to reconsider. The Court reminds Defendant, however, that he has proffered to the Court that he seeks to pursue questioning about the investigation into former Congresswoman Bush only to the extent that it demonstrates improper political bias in the investigation of the wire fraud charges against him. He has not argued that the details or nature of the campaign funds investigation are otherwise relevant and has represented to the Court that he will not stray into such extraneous territory without first raising the matter with the Court. Additionally, the Court has made clear that Defendant cannot make arguments to the jury based on theories of selective prosecution or jury nullification. At bottom, Defendant is limited to questioning that is probative of whether Defendant is guilty or not guilty of the offenses charged, not his or former Congresswoman Bush's guilt or innocence of the campaign funds violations.

Next, Defendant's Motion to Disqualify Counsel, ECF 50, is also **DENIED**. As other courts in this district have noted, disqualification of counsel "is a drastic measure that is disfavored by the courts, and disqualification motions should be subject to particularly strict judicial scrutiny." *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 965 F. Supp. 2d 104, 110 (D.D.C. 2013). Courts must also recognize that "disqualification motions may be used as 'procedural weapons' to advance purely tactical purposes." *Paul v. Judicial Watch, Inc.*, 571 F. Supp. 2d 17, 20 (D.D.C. 2008). Defendant argues that because one of the Assistant U.S. Attorneys (AUSAs) prosecuting this case improperly disclosed tax return information on the public docket—and that action is the subject of a separate civil suit Defendant has recently filed—the U.S. Attorney's Office for the District of Columbia or, in the alternative, the specific AUSAs prosecuting this suit must be disqualified from this case. ECF 50 at 1; *Merritts v. United States*, No. 25-cv-4343. The D.C. Circuit has previously addressed "[t]he potential conflict of interest that might result from a . . .

civil suit filed" against an AUSA by a criminal defendant and held that disqualification "could not be justified by mere inference from the filing of the suit but would require proof, by clear and convincing evidence, of a prima facie case of misconduct on the part of the AUSA." *United States v. Heldt*, 668 F.2d 1238, 1276 n.80 (D.C. Cir. 1981).

Here, Defendant has fallen far short of proving the existence of any actual or apparent conflict of interest that would justify disqualification. First, although not dispositive to the question, the Court observes that the individual AUSAs are not named in the civil suit and any resulting damages in that suit will be paid by the United States. *See* 26 U.S.C. § 7431(a)(1) (permitting "civil action[s] for damages against the United States" when an officer or employee discloses a taxpayer's tax return information). Second, liability in the civil suit is not tied to the outcome of this prosecution. As a result, the prosecutors have no pecuniary interest in the outcome of the civil case. Defendant argues, however, that the AUSAs' conduct is at issue in that case and certain outcomes—like a large judgment of punitive damages against the United States—may impose collateral career consequences on them. *See* ECF 50 at 8. But Defendant has failed to demonstrate that such a hypothetical threat would actually cause the prosecutors to "manipulate the criminal case to their advantage in the civil matter." *Heldt*, 668 F.2d at 1278. Defendant's theory asks the Court to disqualify counsel based on a series of inferences—(1) that the civil suit will result in a large judgment against the United States, (2) that the U.S. Attorney's Office would blame that judgment on the individual AUSAs and undermine their careers, and (3) that the individual AUSAs will preemptively prosecute this criminal case more aggressively because of those fears. Defendant's arguments about the appearance of a conflict of interest are similarly attenuated because they rely on public perceptions of career motivations that Defendant has not demonstrated are reasonable. Accordingly, because Defendant has not met the high standard

required to disqualify counsel, the Court denies his motion. *See In re Rail Freight Fuel Surcharge Antitrust Litigation*, 965 F. Supp. 2d at 111 ("[T]he mere claim of a conflict is not enough; there must be proof."); *see Koller v. Richardson-Merrell Inc.*, 737 F.2d 1038, 1056 (D.C. Cir. 1984), *vacated on other grounds*, 472 U.S. 424 (1985) (finding disqualification to be rarely warranted if "there is [not] a serious question as to counsel's ability to act as a zealous and effective advocate for the client").

Finally, Defendant's Motion to Continue Trial, ECF 56, is **DENIED** as moot because the pretrial motions that Defendant referenced in his motion have been decided by the Court. The Parties are **ORDERED** to appear for trial as scheduled at 9:30 AM on January 12, 2026.

**SO ORDERED.**

JIA M. COBB
United States District Judge

Date: January 9, 2026